Opinion delivered May 1, 1888.

---

### No. 6012.

### H. INGLE AND WIFE *v.* LEA & SIMPSON.

1. HOMESTEAD.—Whether property claimed as a homestead is exempt from forced sale must depend on the facts existing which would tend to make it a homestead at the time of the levy of execution. The former occupancy of other property as a home, which may be still owned by husband and wife, becomes immaterial if at the time of the levy the property seized under execution was actually occupied and used as the home residence.

APPEAL from Cooke. Tried below before the Hon. F. E. Piner.

*Blanton & Wright,* for appellants.

No brief on file for appellees.

STAYTON, CHIEF JUSTICE. The appellees claim the property through a sale made under execution against H. Ingle, and whether they obtained any rights depends on whether the property was homestead at the time the execution was levied.

The property embraces the west halves of lots two and three in block twenty-two, in the town of Gainesville, making a piece of ground fifty feet wide and one hundred feet long, which was in one inclosure. On the block north of block twenty-two Ingle owned another lot, or rather a half interest in it, on which was a house which, for some time before the levy on the property in controversy, he had used as a residence and for his place of business as a dentist and photographer. This last named property is about one hundred and fifty feet distant from that in controversy, and there is evidence tending to show that Ingle and wife have at times resided on the one or the other as suited their convenience, but that at all times the property in controversy has been used to some extent for home purposes.

The court below found that the half of lot two was not homestead, and that title to it passed by the sale under which appellees claim, but that the half of lot three constituted a part of the homestead.

Situated as was the entire property in controversy, the reason for holding a part subject to forced sale and the other not, is not to us clear. It is not necessary, however, for us to enter into a consideration, whether at all times after Ingle acquired the property, it was so used, while he was actually residing on the other block, as to make it a part of his homestead; for at the time the levy and sale were made he was actually residing upon it. The right of appellees must depend on the facts existing at the time the levy under which they claim, was made. What may have been the facts before or after that time under the issues presented, is unimportant.

The property being the actual residence of appellants, and used for all the purposes of a home, at the time the levy and sale were made, was not subject to forced sale.

The judgment should have been for appellants, and will be reversed and here rendered in their favor.

*Reversed and rendered.*